DEL E. WEBB CONSTRUCTION, Plaintiff-Appellee-Cross-Appellee,

v.

RICHARDSON HOSPITAL AUTHORITY, Defendant-Cross-Plaintiff-Appellee Cross-Appellant,

v.

L.D.W.A./BUFORD AND WORK, INC., Cross-Defendant-Appellant Cross-Appellee.

RAY BOYD CONSTRUCTION SYSTEMS, COMPANY, Plaintiff-Appellant,

v.

DEL E. WEBB CONSTRUCTION, Defendant-Third Party Plaintiff-Appellee,

v.

RICHARDSON HOSPITAL AUTHORITY, Third Party Defendant-Appellee.

No. 86–1570.

United States Court of Appeals, Fifth Circuit.

Aug. 3, 1987.

Rehearing Denied Sept. 1, 1987.

---

6. *Id.* at ——, 106 S.Ct. at 2554.

Ritta A. Miller, William Charles Bundren, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, Tex., for L.D.W.A./Buford & Work, Inc.

Richard Gary Thomas, Dallas, Tex., for Ray Boyd Const. Systems.

Ben L. Krage, Kasmir, Willingham & Krage, Dallas, Tex., for Del E. Webb.

Kip M. Kugler, Joe F. Canterbury, Jr., Dallas, Tex., for Richardson Hosp. Authority.

Before CLARK, Chief Judge, POLITZ, and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

This appeal is from a district court order compelling arbitration, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–14, of a contract arising from the expansion and renovation of the Richardson Medical Center. The Richardson Hospital Authority, the owner of the medical center, and L.D.W.A./Buford & Work, Inc., the architect on the project, argue that the Federal Arbitration Act is inapplicable because the construction project is not a "transaction involving commerce," 9 U.S.C. § 2; that the general contractor, Del E. Webb Construction, did not comply with the contractual prerequisites for demanding arbitration; and that Webb waived arbitration by substantially invoking the litigation process. In addition, LDWA argues that the district court improperly consolidated LDWA's claims in the arbitration between the Authority and Webb. We conclude that the Federal Arbitration Act governs this case, that the arbitrator must decide whether Webb satisfied the contractual prerequisites of demand, that the district court erred by ordering consolidated arbitration, and that the district court failed to address LDWA's waiver contention.

I

In October 1981, the Richardson Hospital Authority contracted with LDWA, an architect, to supervise the expansion and renovation of the Richardson Medical Center. The contract was a standard form agreement between owner and architect prepared by the American Institute of Archi-

tects and provided that all disputes arising from the agreement shall be arbitrated.

Later, the Authority signed two contracts with Del E. Webb Construction, the general contractor on the project. Both contracts included American Institute of Architects document A201 entitled, "General Conditions of the Contract for Construction," which also provided for arbitration of all disputes arising from the contract documents.

The parties had a number of disagreements during construction, including who should bear the costs of construction delays. The parties were unable to resolve their differences, and Webb sued in the United States District Court for the Northern District of Texas, seeking damages or arbitration of its claims. The Authority counterclaimed and joined LDWA and the bonding companies as third-party defendants. LDWA filed a counterclaim against Webb. Webb then filed a motion to compel arbitration, which the district court granted. Meanwhile, Ray Boyd Construction Systems Co., a subcontractor, sued Webb in the same district court, and the court consolidated the two proceedings.[1]

On June 27, 1986, the district court vacated its orders to compel arbitration and to consolidate, ordering the parties to submit evidence regarding Webb's compliance with the contractual prerequisites for arbitration. After reviewing the evidence, the district court granted Webb's motion to compel arbitration and ordered "that all third-party claims arising out of the primary suit shall be settled in the same arbitration action." The Authority and LDWA appeal.

## II

The Authority and LDWA argue that the district court erred in holding that the Owner-Contractor contract is governed by the Federal Arbitration Act.[2] An arbitration clause is subject to the Federal Arbitration Act if the arbitration clause is part of a valid written contract "evidencing a transaction involving commerce." 9 U.S.C. § 2. In *Mesa Operating Ltd. Partnership v. Louisiana Interstate Gas Corp.*, 797 F.2d 238 (5th Cir.1986), we explained the reach of the Act:

> Citizens of different states engaged in performance of contractual operations in one of those states are engaged in a contract involving commerce under the FAA. Such a contract necessitates interstate travel of both personnel and payments. Commerce under the FAA is not limited to interstate shipment of goods ... but includes all contracts "relating to interstate commerce."

*Id.* at 243 (quoting *Prima Paint v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 401 n. 7, 87 S.Ct. 1801, 1805 n. 7, 18 L.Ed.2d 1270 (1967)).

The district court found the Federal Arbitration Act applicable, noting that

> [i]n this case, the contract involved persons from different states; employees of the plaintiff traveled interstate; the interstate mails were used to facilitate the work of the plaintiff's subcontractors; and materials used in the construction of the defendant's facilities were manufactured and moved in interstate commerce.

The Authority and LDWA do not dispute that the construction project involved some interstate commerce. Rather, they argue that there must be *substantial* interstate contacts. The Authority and LDWA contend that Webb did not show substantial interstate activity because all construction occurred in Texas, Webb maintained an office in Texas to supervise the construction of several Texas projects, and Webb issued payroll checks in Texas. However, we are persuaded that in the light of *Mesa*,

---

1. By stipulation, the parties agree that Ray Boyd Construction will not be compelled to arbitrate.

2. The Authority argues as a threshold matter that the district court made no findings about whether the Owner-Contractor contract is a "transaction involving interstate commerce," thus this court cannot consider the issue. This argument has no merit. The district court in its order of June 5, 1986, found that the contracts evidenced a transaction involving interstate commerce. Although the court vacated this order and made no such finding in its subsequent order, the finding was a prerequisite to its later order.

the district court's findings support its conclusion that the contracts *relate* to interstate commerce, a standard that implements the strong federal policy favoring arbitration. *See Societe Generale de Surveillance, S.A. v. Raytheon European Management & Sys. Co.*, 643 F.2d 863, 867 (1st Cir.1981) ("[T]he courts have held that the term "commerce" in this provision of the Act refers to interstate or foreign commerce and is to be broadly construed.")

### III

#### A

LDWA argues that the district court erred in compelling LDWA to participate in the arbitration between Webb and the Authority. LDWA contends that it was not a party to the arbitration agreement between Webb and the Authority and did not consent to arbitration.

The district court, rejecting LDWA's argument, noted:

> In ¶ 7.9.1, the contract provides that an arbitration action shall include the owner and the contractor, "and any other persons substantially involved in a common question of fact or law, whose presence is required if complete relief is to be accorded in the arbitration." As long as the proper joinder is made—as it has been here—resolution of multi-party claims arising out of a common question of law or fact may be made in a single arbitration action. Thus, the claims of the third-parties shall be resolved in this case in the same arbitration hearing as that settling the dispute between the plaintiff and the defendant.

LDWA contends that because it was not a party to the Owner-Contractor contract, the language in ¶ 7.9.1 quoted by the court is irrelevant.

 We agree that LDWA could not be compelled to arbitrate under the Owner-Contractor contract. *See AT & T Technologies, Inc. v. Communications Workers*, 475 U.S. 643, 106 S.Ct. 1415, 1419, 89 L.Ed.2d 648 (1986). But Webb could compel the Authority to arbitrate under the arbitration clause in the Owner-Contractor contract, and the Authority could compel LDWA to arbitrate under the arbitration clause in the Owner-Architect contract. Nevertheless, arbitration of LDWA's counterclaim against Webb was improper. LDWA and Webb have not agreed to arbitrate disputes between them.

Undoubtedly, the district court was concerned, as are we, about the potential for piecemeal litigation. But as the Supreme Court explained in *Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 1242–43, 84 L.Ed.2d 158 (1985):

> The preeminent concern of Congress in passing the [Federal Arbitration] Act was to enforce private agreements into which parties had entered, and that concern requires that we rigorously enforce agreements to arbitrate, even if the result is "piecemeal" litigation, at least absent a countervailing policy manifested in another federal statute.

#### B

LDWA argues that it should not be compelled to arbitrate at all because it did not consent in writing as required in paragraph 7.9.1 of the Owner-Contractor contract. This provision says in part:

> No arbitration arising out of or relating to the Contract Documents shall include, by consolidation, joinder, or in any other manner, the Architect, his employees or consultants except by written consent containing a specific reference to the Owner-Contractor Agreement and signed by the Architect, the Owner, the Contractor and any other persons sought to be joined.

But as we have explained, the source of LDWA's duty to arbitrate is the Owner-Architect contract, not the Owner-Contractor contract. The language in paragraph 7.9.1 involves the separate question of whether the district court properly consolidated arbitration of the disputes between the owner and the architect and arbitration of the disputes between the owner and the contractor. We treat this issue in our discussion of whether Webb complied with the prerequisites for arbitration, since both require us to determine which questions the

district court should decide and which should be for the arbitrator.

## IV

■ The district court found that Webb satisfied the contractual prerequisites to arbitration. Under § 4 of the Federal Arbitration Act, however, this question is for the arbitrator. Section 4 of the Federal Arbitration Act provides in part:

> The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

In *John Wiley & Sons v. Livingston,* 376 U.S. 543, 557, 84 S.Ct. 909, 918, 11 L.Ed.2d 898 (1964), the Supreme Court stated, "Once it is determined ... that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." The Court concluded that the question of compliance with procedural prerequisites to arbitration under a bargaining agreement is for the arbitrator. *Id.* Accordingly, we vacate the district court's finding that Webb complied with the contractual prerequisites for demand.

Less clear is whether consolidation is a question for the district court or the arbitrator. The district court was persuaded that "[a]s long as the proper joinder is made—as it has been here—resolution of multi-party claims arising out of a common question of law or fact may be made in a single arbitration action." This argument suggests that Rules 42(a) and 81(a)(3) of the Federal Rules of Civil Procedure give the district court power to order a consolidation of arbitrations involving common questions of law and fact, independent of the contract. The two circuits that have decided the question reached different results.

Rule 81(a)(3) provides, "In proceedings under Title 9, U.S.C., relating to arbitration ... these rules apply only to the extent that matters of procedure are not provided for in those statutes." The Second Circuit concluded that since the Federal Arbitration Act does not explicitly discuss consolidations, district courts may consolidate arbitrations pursuant to Fed.R.Civ.P. 42(a). *See Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A.,* 527 F.2d 966, 975 (2d Cir.1975), *cert. denied,* 426 U.S. 936, 96 S.Ct. 2650, 49 L.Ed.2d 387 (1976).

But the Ninth Circuit stated in *Weyerhaeuser Co. v. Western Seas Shipping Co.,* 743 F.2d 635, 637 (9th Cir.), *cert. denied,* 469 U.S. 1061, 105 S.Ct. 544, 83 L.Ed.2d 431 (1984), declining to follow *Compania,* "the only issue properly before this Court is whether Weyerhaeuser, Karlander, and Trans-Pacific are parties to a written agreement providing for consolidated arbitration." The Ninth Circuit explained that under 9 U.S.C. § 4 a court could only order the parties "to proceed to arbitration in accordance with the terms of the arbitration agreement." *Id.* The court concluded that consolidation was improper because the terms of the agreement did not provide for it. But despite disagreeing with the Second Circuit about the source of the district court's power to order consolidation—looking to the terms of the contract instead of the Federal Rules—the Ninth Circuit agreed that the district courts should decide the issue.

■ Arguably the Ninth Circuit's reasoning in *Weyerhaeuser* is inconsistent with the Supreme Court's statement in *Livingston* that matters of procedure are for the arbitrator, since consolidation is certainly in one sense a "procedural" question. But an examination of the purposes of the *Livingston* rule supports *Weyerhaeuser.* The question in *Livingston,* whether contractual prerequisites to arbitration have been satisfied, is for the arbitrator because invariably that question is intertwined with the underlying facts. The arbitrator, with the full case before it, can better determine whether there has been contractual compliance. Indeed, as Justice Harlan explained in *Livingston:*

Questions concerning the procedural prerequisites to arbitration do not arise in a vacuum; they develop in the context of an actual dispute about the rights of the parties to the contract or those covered by it. . . .

Doubt whether grievance procedures or some part of them apply to a particular dispute, whether such procedures have been followed or excused, or whether the unexcused failure to follow them avoids the duty to arbitrate cannot ordinarily be answered without consideration of the merits of the dispute which is presented for arbitration.

*Id.* 376 U.S. at 556–57, 84 S.Ct. at 917–18. The question of consolidation, however, is for the district court because the court must determine only whether the contract provides for consolidated arbitration, a question free of the underlying facts. Moreover, it is unclear how separate arbitrations could be consolidated by one of the arbitrators. · In short, we agree with the Ninth Circuit that under § 4 of the Federal Arbitration Act the sole question for the district court is whether there is a written agreement among the parties providing for consolidated arbitration.

■ The district court concluded that consolidation was proper because 7.9.1 "provides that an arbitration action shall include the owner and the contractor, 'and any other persons substantially involved in a common question of fact or law, whose presence is required if complete relief is to be accorded in the arbitration.'" But that conclusion rests on a cropped reading of paragraph 7.9.1. Paragraph 7.9.1 explicitly excludes the architect from consolidated arbitration:

No arbitration arising out of or relating to the Contract Documents shall include, by consolidation, joinder or in any other manner, the Architect, his employees or consultants except by written consent containing a specific reference to the Owner-Contractor Agreement and signed by the Architect, the Owner, the Contractor and any other person sought to be joined. No arbitration shall include, by consolidation, joinder or in any other manner, parties other than the Owner, the Contractor and any other persons substantially involved in a common question of fact or law, whose presence is required if complete relief is to be accorded in the arbitration. No person other than the Owner or Contractor shall be included as an original third party or additional third party to an arbitration whose interest or responsibility is insubstantial. Any consent to arbitration involving an additional person or persons shall not constitute consent to arbitration of any dispute not described therein or with any person not named or described therein.

We are not persuaded by the district court's reading because it ignores the first sentence, excluding the architect from arbitration absent consent, and treats the second sentence as an affirmative grant of authority, though the sentence is phrased as a limitation on arbitration. To give both sentences meaning, the architect must be excluded from arbitration absent consent. In short, since under the grant of authority in § 4 the district court was limited to enforcing arbitration agreements according to their terms, and since the parties agree that the architect has not consented in writing, the district court should not have ordered consolidation.

## V

The Authority and LDWA contend that regardless of whether Webb complied with the contract, Webb waived arbitration. In *Price v. Drexel Burnham Lambert, Inc.*, 791 F.2d 1156, 1159 (5th Cir.1986), this court stated:

[A] finding that a party has waived its right to arbitration is a legal conclusion subject to our plenary review, *but . . .* the findings upon which the conclusion is based are predicate questions of fact, which may not be overturned unless clearly erroneous.

The district court, however, did not discuss the issue, though the Authority raised it. The district court only discussed Webb's compliance with paragraph 7.9.2, a separate issue from waiver. Accordingly, we

remand the waiver issue to the district court.

## VI

We affirm the district court's conclusion that the Federal Arbitration Act governs this case; modify the arbitration order to exclude LDWA's counterclaim against Webb, since the requisite contractual basis for arbitration between LDWA and Webb does not exist; vacate the district court's ruling that Webb complied with the contractual prerequisites for demanding arbitration, since that question is for the arbitrator; reverse the district court's consolidation order, persuaded that the Owner-Contractor contract expressly excluded the architect from consolidation absent written consent; and remand the question of waiver, since the district court did not consider the question separately from the question of compliance with the contractual requirements for demand.

AFFIRMED in part as modified, VACATED in part, and REVERSED in part.