900 F.2d 1193
 LeRoy BAESLER, Ray Bieber, Tim Bieber, Robert Bleick, Bill
Christman, Russel Doe, Bill Eikamp, Bruce Erickson, Lennis
Erickson, John Fiedler, Bruce Hagen, Earl Hagen, Arne
Harsch, Willard Harsch, Richard Hintz, Rick Hintz, Wayne
Hoherz, John Homelvig, Lloyd Honeyman, Lynn Honeyman, Ryan
Honeyman, Reiny Horst, Darrell Jalbert, Dale Johnson, Ben
Kautzman, Troy Kautzman, Daniel Kelsch, Dean Kelsch, James
Kerzman, Ken Kibbel, August Kirschmann, Oscar Klein, Dennis
Knutson, Myron Larson, Monty Larson, Terry Laufer, Richard
Lutz, Meier Bros., Frank Miller, Terry Miller, Henry Miller,
Lyle Narum, Wayne Narum, Ron Nester, Harvey Oase, Ellsworth
Olson, Brian Papka, Lowell Prince, Ron Reich, Duane Rose,
Fred Schaar, Mark Schaar, Robert Schackow, Donald Schaible,
Paul Schwartz, Danny Schwarzwalter, Wes Schwarzwalter, Elmer
Solseth, Marley Sprecher, Trevor Strand, Kerry Swindler,
Leslie Swindler, Marion Swindler, Ronald Swindler, Henry
Texley, Jack Volk, John Wegner, Melvin Wegner, Werner Zent, Appellants,
v.
CONTINENTAL GRAIN COMPANY, Appellee.
 No. 88-5480.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 13, 1989.
Decided April 4, 1990.
 
 Michael J. Maus, Dickinson, N.D., for appellants.
 Michael Berens, Minneapolis, Minn., for appellee.
 Before JOHN R. GIBSON, Circuit Judge, BROWN,* Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 WOLLMAN, Circuit Judge.
 
 
 1
 LeRoy Baesler appeals the district court's[1] denial of his motion for summary judgment, which sought the consolidation of several arbitration claims. We affirm.
 
 
 2
 In 1986, Continental Grain Co. (Continental) entered into standard safflower contracts with several producers. Each contract contained similar language, including a clause that required arbitration of any controversy or claim arising out of the agreement. The contracts were silent on the issue of consolidation.
 
 
 3
 Each of the producers purchased safflower seed from Continental and then offered Continental the resulting crop. Continental, however, discounted the price and refused acceptance of some of the safflower because of alleged sprout damage. A dispute arose over Continental's actions, and the individual producers entered into separate arbitration proceedings with Continental.
 
 
 4
 Baesler, one of the producers, brought an action against Continental in state district court asking that the several arbitration proceedings be consolidated. After Continental removed the action to the United States District Court, Baesler filed a motion for summary judgment seeking the same relief. The district court, however, granted Continental's motion for summary judgment, finding that it did not have the authority to order consolidation of arbitration hearings.
 
 
 5
 The single issue before us is whether a district court has the power to consolidate arbitration proceedings when the arbitration clause of the parties' agreement is silent regarding consolidation. This is a question of first impression for our court. Several other courts of appeals, however, have addressed the question, resulting in conflicting decisions.
 
 
 6
 Section 4 of the Federal Arbitration Act provides:
 
 
 7
 A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court * * * for an order directing that such arbitration proceed in the manner provided for in such agreement. * * * The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.
 
 
 8
 9 U.S.C. Sec. 4.
 
 
 9
 The Court of Appeals for the Second Circuit has held that district courts have the power to order consolidation, finding the source of this power in the liberal purpose of the Federal Arbitration Act to foster dispute resolution in a speedy and economical manner and in Rules 42(a) and 81(a)(3) of the Federal Rules of Civil Procedure. Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A., 527 F.2d 966, 975 (2d Cir.1975), cert. denied, 426 U.S. 936, 96 S.Ct. 2650, 49 L.Ed.2d 387 (1976).
 
 
 10
 The Court of Appeals for the First Circuit has held that a district court may order consolidation of arbitration proceedings if a provision of state arbitration law specifically authorizes such action. New England Energy, Inc. v. Keystone Shipping Co., 855 F.2d 1 (1st Cir.1988), cert. denied, --- U.S. ----, 109 S.Ct. 1527, 103 L.Ed.2d 832 (1989). Because Baesler makes no contention that North Dakota law contains such a provision, we need not determine whether we would follow the First Circuit's holding if such a provision did exist.
 
 
 11
 The Fifth, Ninth, and Eleventh Circuits have held that district courts lack the authority to order consolidation, relying on section 4 of the Federal Arbitration Act and on the Act's purpose of ensuring judicial enforcement of privately made arbitration agreements. Protective Life Ins. Corp. v. Lincoln Nat'l Life Ins. Corp., 873 F.2d 281, 282 (11th Cir.1989); Del E. Webb Constr. v. Richardson Hosp. Auth., 823 F.2d 145, 150 (5th Cir.1987); Weyerhaeuser Co. v. Western Seas Shipping Co., 743 F.2d 635, 637 (9th Cir.), cert. denied, 469 U.S. 1061, 105 S.Ct. 544, 83 L.Ed.2d 431 (1984). See also, New England Energy, Inc., 855 F.2d at 9 (Selya, J., dissenting).
 
 
 12
 Under the view of these cases, a court may only "determine whether a written arbitration agreement exists, and if it does, enforce it 'in accordance with its terms.' " Weyerhaeuser, 743 F.2d at 637 (quoting section 4); see also Protective Life Ins. Corp., 873 F.2d at 282; Del E. Webb Constr., 823 F.2d at 150.
 
 
 13
 We agree with the majority view that the Federal Arbitration Act precludes federal courts from ordering consolidation of arbitration proceedings. The Supreme Court has explicitly rejected the assertion that the overriding goal of the Act is to promote the expeditious resolution of claims. Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 219, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985). See also Surman v. Merrill Lynch, Pierce, Fenner & Smith, 733 F.2d 59, 62-63 (8th Cir.1984). Instead, the Court has recognized that the passage of the Act "was motivated, first and foremost, by a congressional desire to enforce agreements into which parties had entered." 470 U.S. at 220, 105 S.Ct. at 1242. In accordance with this purpose, we read the Federal Arbitration Act as requiring federal courts to enforce arbitration agreements as they are written. Accordingly, we hold that absent a provision in an arbitration agreement authorizing consolidation, a district court is without power to consolidate arbitration proceedings.
 
 
 14
 The district court's judgment is affirmed.
 
 
 15
 Judge John R. Brown will file a separate opinion at a later time expressing his views on this case.
 
 
 16
 JOHN R. BROWN, Circuit Judge, Dissenting.
 
 
 17
 I disagree with the court's holding that the district judge is without power to order the consolidation of the nearly seventy arbitrations at issue in this case.
 
 
 18
 The Circuit Courts of Appeals are split on the issue of whether or not district courts have the power to order arbitration. The court adopts the position of the Fifth, Ninth and Eleventh Circuits that a district judge is without power to order consolidation unless the arbitration contracts specifically provide for consolidation. See Del E. Webb Construction v. Richardson Hospital Authority, 823 F.2d 145 (5th Cir.1987); Weyerhaeuser Co. v. Western Seas Shipping Co., 743 F.2d 635 (9th Cir.1984); and Protective Life Insurance Corp. v. Lincoln National Life Insurance Corp., 873 F.2d 281 (11th Cir.1989). I disagree with the position taken by these courts.[1]
 
 
 19
 Three other circuits have allowed consolidation. The First Circuit held in New England Energy, Inc. v. Keystone Shipping Co., 855 F.2d 1 (1st Cir.1989), that a Massachusetts statute specifically provided for consolidation. The Third Circuit in Gavlick Construction Co. v. H.F. Campbell Co., 526 F.2d 777 (3d Cir.1975), held that the contracts at issue in that case specifically provided for consolidation of arbitration. Finally, the Second Circuit, in Companie Espanola de Petroleos, S.A. v. Nereus Shipping, S.A., 527 F.2d 966 (2d Cir.1975), held that F.R.Civ.P. 42(a) and 81(a)(3) and the liberal purposes of the Federal Arbitration Act "permit and encourage" the consolidation of arbitration in proper proceedings. It is to this view that I adhere. It is also worthy of note that all six of these cases dealt with essentially vertical consolidations. (i.e. A has arbitration agreement with B; B has arbitration agreement with C; may the simultaneous A/B and B/C arbitrations be consolidated?) The case sub judice is obviously quite different, dealing as it does with the question of vertical consolidation. In such circumstances, the rationale of the Second Circuit is even more powerful.
 
 
 20
 Ever since Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), there has been a trend toward expanding the use and scope of the arbitration process. The courts play an important role in this trend. I am of the view that ordering consolidation in the case at bar supports the arbitration process, making it more economically feasible and efficient. This is a role I believe courts should play.
 
 
 21
 Finally, a consolidation order here would not in any way inhibit the arbitrators' autonomy in deciding the merits of the issue before them. I do not seek to interfere by telling the arbitrators how or what to decide. I agree that "[t]he courts ... have no business weighing the merits of the grievance, considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim." United Paperworkers v. Misco, 484 U.S. 29, 37, 108 S.Ct. 364, 370, 98 L.Ed.2d 286, 298 (1987) (citations omitted).[2]
 
 
 22
 For these reasons I must respectfully dissent.
 
 
 
 *
 The HONORABLE JOHN R. BROWN, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 [1]
 The Honorable Patrick A. Conmy, Chief Judge, United States District Judge for the District of North Dakota
 
 
 [1]
 Lest I commit myself to judicial harakiri I hastily acknowledge that at home I must and will follow the Fifth Circuit's holdings. This is the second time I find myself disagreeing with my home circuit's precedent, see United States v. Chantal, 902 F.2d 1018, 1022 n. 10 (1st Cir.1990), however when I'm free of the Fifth Circuit, as now, I can do what needs to be done
 
 
 [2]
 The Fifth Circuit has recently diverged from this bulwark of arbitral jurisprudence as well. See Delta Queen Steamboat Co. v. Dist. 2 Marine Engineers Beneficial Assoc., 889 F.2d 599 (5th Cir.1989), and particularly Judge Williams's dissent from the denial of petition for rehearing en banc, 897 F.2d 746 (1990)