**246**

UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND EMPLOYERS PENSION PLAN, an employee benefit plan, and Daniel Welch and Ronald Lusic, in their capacity as Trustees of the Plan, Plaintiffs,

v.

KOWALSKI'S LEXINGTON COUNTRY STORE, INC. and Kowalski's White Bear Lake Country Store, Inc., Defendants and Third Party Plaintiffs,

v.

ROS STORES, INC., Third Party Defendant.

No. 90–C–874.

United States District Court, E.D. Wisconsin.

Dec. 4, 1990.

Reinhart, Boerner, Van Deuren, Norris & Rieselbach by Richard P. Carr, Milwaukee, Wis., for plaintiffs.

Gray, Plant, Mooty, Mooty & Bennett by John M. Nichols and Erik T. Salveson, Minneapolis, Minn., for defendants and third party plaintiffs.

Felhaber, Larson, Fenlon & Vogt by William K. Ecklund, Minneapolis, Minn., for third party defendant.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

The plaintiffs in this action (who will be referred to collectively as "the Plan") are the United Food and Commercial Workers Unions and Employers Pension Plan, an employee benefit plan, and Daniel Welch and Ronald Lusics, in their capacity as trustees of the Plan. The defendants and third-party plaintiffs are Kowalski's Lexington Country Store, Inc., and Kowalski's White Bear Lake Country Store, Inc. (who will be referred to collectively as "Kowalski's Country Stores"). The third party defendant is ROS Stores, Inc. Federal jurisdiction over this action is based upon the existence of a federal question, *see* 28 U.S.C. § 1331, arising under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, as amended by the Multiemployer Pension Plan Amendment Act of 1980.

Before the court are (1) the Plan's motion for a preliminary injunction as to Kowalski's Country Stores' and (2) Kowalski's Country Stores' motion for a preliminary injunction as to ROS Stores and the Plan, each pursuant to Rule 65, Federal Rules of Civil Procedure. The Plan seeks to enjoin arbitration proceedings initiated against it before the American Arbitration Association ("AAA") by Kowalski's Country Stores. Kowalski's Country Stores seeks to stay an arbitration proceeding commenced by ROS Stores against the Plan pending the judicial determination of its entitlement to participate. Both motions will be denied.

## I.

On March 22, 1986, Kowalski's Country Stores, an "employer" within the definition provided by § 3(5) of ERISA, 29 U.S.C. § 1002(5), executed an agreement to acquire from ROS Stores the assets of two grocery stores located in Minnesota. Up to that time ROS Stores, also an "employer" under ERISA, had been a contributing employer to the Plan, which is a qualifying ERISA employee pension benefit and multiemployer plan. *See* §§ 3(2) and (37) of ERISA, 29 U.S.C. §§ 1002(2) and (37). ROS Stores, which also sold the assets of two other stores to a purchaser unrelated to Kowalski's Country Stores, continues to contribute to the Plan because it continues to own and operate two additional stores.

By the terms of the purchase agreement, ROS Stores and Kowalski's Country Stores intended to qualify the sale of assets as a "sale of assets" within § 4204 of ERISA, 29 U.S.C. § 1384. After the sale, and pursuant to the purchase agreement, Kowalski's Country Stores agreed to contribute to the Plan (on behalf of the purchased stores) in an amount similar to the past contributions of ROS Stores. Nevertheless, ROS Stores' direct contributions to the Plan declined, as a result of its sale to Kowalski's Country Stores as well as its closings and sales of other stores. Specifically, during each of the years of 1986, 1987, and 1988, ROS Stores' contribution base units to the Plan have declined by 70 percent.

In February 1990, the Plan notified ROS Stores that it had partially withdrawn from the Plan because its contributions to the Plan had declined in excess of 70 percent in each of three consecutive years. *See* § 4205 of ERISA, 29 U.S.C. § 1385. The Plan notified ROS Stores that it was subject to "withdrawal liability" to the Plan, pursuant to § 4204 of ERISA. At that time, the Plan assessed ROS Stores with "withdrawal liability" in the amount of $4,145,318 under § 4206 of ERISA, 29 U.S.C. § 1386. As of September 17, 1990, the withdrawal liability had grown to

$5,210,304, according to the Plan's revised assessment.

ROS Stores responded by requesting that the Plan review the determination of partial withdrawal liability. It denied responsibility for any withdrawal liability because the sale to Kowalski's Country Stores qualified as a "sale of assets" under § 4204 of ERISA. The Plan advised ROS Stores that the sale did not qualify as a "sale of assets" under ERISA because the sale did not comply with several of the necessary procedural requirements. The Plan has also advised ROS Stores that even had the sale complied with those procedural requirements, it still would not have qualified as a "sale of assets" under ERISA, affording ROS Stores a suspension of withdrawal liability. ROS Stores has asserted that Kowalski's Country Stores is responsible for any partial withdrawal liability of ROS Stores to the Plan and, correspondingly, has demanded indemnity from Kowalski's Country Stores.

In May 1990, ROS Stores initiated an arbitration proceeding against the Plan before the AAA pursuant to § 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). At the same time, Kowalski's Country Stores requested that it be included as a party in the arbitration between ROS Stores and the Plan and filed a demand for arbitration against the Plan before the AAA. The Plan objected to Kowalski's Country Stores participation in its arbitration with ROS Stores; the AAA apparently found some merit in that objection and has refused to permit Kowalski's Country Stores to participate in the pending arbitration between ROS Stores and the Plan. However, the AAA has, over the Plan's objection, permitted Kowalski's Country Stores to proceed with its separate arbitration proceeding against the Plan. Both proceedings are scheduled to begin in December 1990.

## II.

In determining whether to grant each of the respective movant's motion for a preliminary injunction, the court will require each to demonstrate:

(1) that it has no adequate remedy at law;

(2) that it will suffer irreparable harm if the injunction is not issued;

(3) that the irreparable harm it will suffer if the preliminary injunction is not granted is greater than the irreparable harm the defendant will suffer if the injunction is granted;

(4) that it has a reasonable likelihood of prevailing on the merits; and

(5) that the injunction will not harm the public interest.

*International Kennel Club of Chicago, Inc. v. Mighty Star, Inc.* 846 F.2d 1079, 1084 (7th Cir.1988) (*quoting Brunswick Corp. v. Jones*, 784 F.2d 271, 273–74 (7th Cir.1986)).

The court is satisfied that the issuance of either movant's motion for a preliminary injunction would not harm the public interest. Thus, the disposition of each motion will turn on the respective movant's success in demonstrating its entitlement to relief based upon the four remaining factors.

The Plan's motion for a preliminary injunction states in full:

Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, plaintiffs hereby move for a preliminary injunction against defendants. As set forth within [the accompanying memorandum], the injunction is necessary to dismiss, enjoin or stay unauthorized arbitration proceedings initiated by defendants.

That is, the Plan seeks to enjoin Kowalski's Country Stores from proceeding against it in an arbitration—ostensibly one not authorized by § 4221(a) of ERISA, 29 U.S.C. § 1401(a). The Plan contends that Kowalski's Country Stores lacks standing to pursue arbitration because it does not face withdrawal liability to the Plan, that there is no dispute or arbitrable issue between it and the Plan, and that the Plan has not consented to arbitrate any matters with it.

Section 4221(a)(1) of ERISA states as follows:

Any dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made under

section 1381 through 1399 of this title *shall* be resolved through arbitration.

29 U.S.C. § 1401(a)(1) (emphasis added). *See also Banner Industries, Inc. v. Central States, Southeast and Southwest Area Pension Fund,* 875 F.2d 1285, 1288 & n. 2 (7th Cir.1989) (use of word "shall" demonstrates that arbitration is mandatory).

The parties dispute neither that Kowalski's Country Stores is an "employer" nor that the Plan is a "multiemployer plan" within the meaning of those terms in § 4221. There is some question whether the two have a "dispute concerning a determination" under the specified section of ERISA.

However, even if arbitration of the dispute between the two is not commanded by § 4221, it may be commanded by contractual agreement. In its demand for arbitration, filed with the AAA, Kowalski's Country Stores claims that it is "a party to an arbitration agreement contained in a written plan document" (executed between it and the Plan) providing for arbitration under the AAA's Rules. Section 13.9 of the "written plan document," which was attached to the demand for arbitration, provides as follows:

> Any dispute between an Employer and the Trustees regarding Withdrawal Liability shall be arbitrated as prescribed in ERISA section 4221....

In its demand for arbitration, Kowalski's Country Stores specifically described the nature of the dispute as follows

> [The Plan] has refused to treat a sale of assets taking place in 1986 as a sale of assets qualifying under ERISA § 4204. In addition, [Kowalski's Country Stores] disputes the withdrawal liability determinations made by the Plan including the actuarial assumptions used, the valuation methods for liabilities and assets, the method for calculating the payment schedule and the appropriateness of the use of the attribution method. Amount involved: $4,145,318.

This description of the dispute would appear to pull it within the reach of Kowalski's Country Stores' contractual agreement with the Plan, as reflected in the "written plan document."

In response to Kowalski's Country Stores demand to the AAA for arbitration, the Plan objected. The Plan claimed that the demand was little more than Kowalski's Country Stores' attempt to participate in the arbitration between the Plan and ROS Stores. At least in part, the AAA and the Plan agreed. While the AAA declined to include Kowalski's Country Stores in the arbitration between ROS Stores and the Plan, it decided to retain the dispute between the Plan and Kowalski's Country Stores and to administer it as a "separate case."

Thereafter, the Plan petitioned the AAA to dismiss or stay the "separate case" arbitration that Kowalski's Country Stores had initiated against it. The AAA maintained its earlier decision to administer that arbitration separately and notified the Plan that "it appears that an arbitrability issue exists which could be determined by an arbitrator." Furthermore, the AAA indicated that it would proceed "with the further adminstration of this matter unless otherwise requested by both parties or unless the moving party is stayed by court order." It is such an order that the Plan now seeks.

The record is bare of compelling evidence of the inadequacy of a remedy at law or that the Plan stands to suffer any significant hardship that justifies preliminary injunctive relief—this dispute is exclusively one involving financial liability. But regardless of those failings in the Plan's evidence, the court finds another factor presents a more formidable obstacle. The court finds that the Plan would be unlikely to succeed on the ultimate merits of its claim for dismissal of the arbitration proceedings.

■ It may be true that, as the Plan argues, Kowalski's Country Stores, because it has not withdrawn from the Plan or yet been assessed withdrawal liability, presents no dispute for which § 4221 requires arbitration. *See* §§ 4204–05 of ERISA, 29 U.S.C. §§ 1384–85. *But see Rootberg v. Central States, Southeast and*

*Southwest Area Pension Fund*, 856 F.2d 796, 801 (7th Cir.1988) (noting ERISA's "strong preference" for arbitration of disputes instead litigation). The success of the Plan's motion does not turn on that question. The Court is of the opinion that Kowalski's Country Stores has presented a dispute "regarding withdrawal liability" between it and the Plan within the meaning of those terms in Section 13.9 of the written plan document—a contractual agreement between the two.

■ Kowalski's Country Stores disputes particular aspects of the withdrawal liability assessment—an assessment that it may be liable for, at least in part, by virtue of its indemnity agreement with ROS Stores. Furthermore, it disputes the Plan's determination that its purchase of the stores from ROS Stores did not qualify as a "sale of assets" in the first place. That determination clearly is one of fact—and one "regarding withdrawal liability"—to be resolved by arbitration. Under the written plan document, if not under § 4221 itself, this dispute is to be "arbitrated as prescribed in ERISA § 4221." In other words, on the record upon which the Plan's motion for injunctive relief is to be resolved, the court is constrained—as a matter of contractual interpretation—to rule that Kowalski's Country Stores has presented at least a colorably arbitrable dispute between itself and the Plan.

Nevertheless, the Plan complains that considerations of "economy" mandate the dismissal of Kowalski's Country Stores arbitration proceedings. The Plan suggests that for the court to require it to arbitrate both with Kowalski's Country Stores and with ROS Stores would defeat Congress' goal of efficiency in the administration of ERISA plans. If the Plan is complaining that its participation in two arbitration proceedings involving essentially identical issues would be inefficient, the court offers this solution to it: consent to the consolidation of the proceedings.

The court offers no opinion on the ultimate merits of Kowalski's Country Stores' dispute with the Plan; that determination is left to the AAA. Furthermore, the court's determination on the arbitrability issue for the limited purpose of ruling on this motion issue does not foreclose the Plan from inviting the AAA to reconsider the issue.

■ Kowalski's Country Stores has filed an answer to the Plan's complaint, including counterclaims against the Plan, and a third party complaint naming ROS Stores as a third party defendant. Its counterclaims and third party complaint seek both declaratory and injunctive relief, namely a motion seeking

> ... a preliminary injunction staying an arbitration proceeding commenced by [ROS Stores] against [the Plan] pending the final resolution of this action on the merits.

That is, Kowalski's Country Stores seeks to stay an arbitration proceeding commenced by the Plan against ROS Stores, pending a judicial determination of its entitlement to participate. On the Plan's objection, the AAA has excluded Kowalski's Country Stores from that proceeding, which is scheduled to begin December 5, 1990. The AAA has refused, in the absence of a court order or the agreement of the parties, to include Kowalski's Country Stores as a party in the arbitration between ROS Stores and the Plan. The third party defendant, ROS Stores, has apparently sided with Kowalski's Country Stores, having filed a "Third Party Defendant's Memorandum in Opposition to Motion for Preliminary Injunction and in Support of Defendant's and Third–Party Plaintiff's Cross–Motion for Preliminary Injunction."

Presumably, the arbitration between ROS Stores and the Plan will determine whether the sale of grocery stores to Kowalski's Country Stores complied with § 4204 of ERISA, 29 U.S.C. § 1384, as well as the extent of ROS Stores' withdrawal liability, if any, to the Plan. It is undisputed that ROS Stores has asserted that Kowalski's Country Stores has at least some responsibility to indemnify ROS Stores for any partial withdrawal liability to the Plan. Accordingly, Kowalski's Country Stores urges that it has a "statutory right" to arbitration and to participate in the pend-

ing arbitration between ROS Stores and the Plan.

As a threshold matter, for purposes of this motion, the court is not convinced that Kowalski's Country Stores has no adequate remedy at law. Once again, the issue quickly reduces to one of financial liability. More importantly, Kowalski's Country Stores has not shown that it will have no opportunity to protect its interests in the event ROS Stores seeks indemnity for withdrawal liability, should any be assessed in the pending arbitration. It has not satisfactorily demonstrated that any irreparable harm will come to it if the pending arbitration is not stayed. Nor has it demonstrated the existence of any "statutory right" to intervene in a pending arbitration between two other parties—the underlying "merits" of its claims.

To the extent that what Kowalski's Country Stores really seeks is the consolidation of the two pending arbitration proceedings in the absence of an express statutory basis or unanimous consent of the parties, the court must deny the motion. *Cf. Baesler v. Continental Grain Co.,* 900 F.2d 1193, 1195 (8th Cir.1990) (collecting cases to demonstrate the majority rule); § 4221 of ERISA, 29 U.S.C. § 1401 (completely silent on subject of joint arbitrations). The pending arbitration will resolve issues beyond those relating to Kowalski's Country Stores. That is, the court has not been convinced that ROS Stores is not fully the real party in interest. Thus, the pending arbitration is rightfully deemed one between ROS Stores and the Plan alone. Consent is lacking, as the Plan has rigorously objected to Kowalski's Country Stores' participation in the pending ROS Stores arbitration. Given the fact the Kowalski's Country Stores will later have the opportunity to arbitrate its dispute with the Plan, it must "sit on the sidelines" during the arbitration between ROS Stores and the Plan.

Therefore, IT IS ORDERED that the Plan's motion for a preliminary injunction dismissing or staying its pending arbitration with Kowalski's Country Stores be and hereby is denied.

IT IS ALSO ORDERED that Kowalski's Country Stores' motion for a preliminary injunction staying the pending arbitration between the Plan and ROS Stores be and hereby is denied.