**AMERICAN CENTENNIAL INSURANCE COMPANY, Petitioner,**

v.

**NATIONAL CASUALTY COMPANY, et al., Respondents.**

**No. 1:90 CV 1943.**

United States District Court, N.D. Ohio, E.D.

April 8, 1991.

David L. Lester, Janik & Bell, Cleveland, Ohio, Clifford H. Schoenberg, Miller, Singer, Raives & Brandes, New York City, for petitioner.

Dale F. Kainski, Arter & Hadden, Cleveland, Ohio, Anthony M. Lanzone, Joseph K. Molloy, West Nyack, N.Y., for respondents.

## ORDER

BATTISTI, District Judge.

Before the court is a petition seeking to consolidate arbitrations pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–14 (1988), and Respondents National Casualty Company ("National") and Scottsdale Insurance Company's ("Scottsdale") motion to dismiss. Jurisdiction in the federal district court is predicated upon 28 U.S.C. § 1332 (1988).

## I. FACTUAL BACKGROUND

"In cases involving the dismissal of a complaint, the complaint is to be construed in the light most favorable to the plaintiff and its allegations taken as true." *Lee v. Western Reserve Psychiatric Habilitation Center*, 747 F.2d 1062, 1065 (6th Cir.1984) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). "The complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Accordingly, the following are the facts, as alleged in the petition before the court.[1]

The Petitioner, American Centennial Insurance Company ("ACIC"), has entered into eight reinsurance treaties with the Respondents. Each of these treaties contains a clause providing that disputes arising under the treaties will be submitted to arbitration.

On July 13, 1990, Scottsdale and National demanded arbitration against ACIC on one such treaty. On August 21, 1990, ACIC demanded arbitration on all eight treaties. On September 18, 1990, National demanded arbitration of five treaties, and National and Scottsdale both demanded arbitration on one other treaty.

The treaties are not identical inasmuch as each implicates issues unique from the others. Plaintiff does not allege that the treaties have an express or implied term either allowing or requiring the consolidation of arbitration proceedings.

## II. DISCUSSION

Despite the parties rather elaborate procedural arguments, the instant action turns on one relatively straightforward issue of law. Specifically, the court must determine whether federal district courts are precluded from ordering the consolidation of arbitration proceedings in cases in which the contracts from which the proceedings arise do not provide for consolidation.

"A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which ... shall hear the parties and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, *the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.*" 9 U.S.C. § 4 (emphasis added). It is beyond dispute that the language of § 4 provides a bounded grant of authority to district courts. Provided that a court finds that a *written* agreement exists and has been violated it may order the parties to proceed to arbitration, but only "in accordance with the terms of the agreement." *See Weyerhaeuser Co. v. Western Seas Shipping Co.*, 743 F.2d 635, 637 (9th Cir. 1984) ("Thus, we can only determine whether a written arbitration agreement exists, and if it does, enforce it 'in accordance with

---

**1.** Although there has been some dispute among the parties over whether this petition should be treated like a complaint or like a motion, *see* 9 U.S.C. § 6, the court finds it unnecessary to make a determination upon this issue, and for the purposes of this opinion, will treat the petition as a complaint.

its terms.' "), *cert. denied,* 469 U.S. 1061, 105 S.Ct. 544, 83 L.Ed.2d 431 (1984).

As the Supreme Court of the United States has unanimously stated, the purpose behind the passage of the Federal Arbitration Act was to "ensure judicial enforcement of privately made agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 219, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985) (stating that "[w]e therefore reject the suggestion that the overriding goal of the Arbitration Act was to promote the expeditious resolution of claims."). In so stating, the Court carefully focused the power of the district courts on their legitimate objective, the strict enforcement of privately negotiated arbitration agreements.

Although the United States Court of Appeals for the Sixth Circuit has not addressed the issue of consolidation of arbitration proceedings, there exists a clear majority position among the federal courts of appeals.[2] This majority view holds that "the Federal Arbitration Act precludes federal courts from ordering consolidation of arbitration proceedings ... absent a provision in an arbitration agreement authorizing consolidation...." *Baesler v. Continental Grain Co.,* 900 F.2d 1193, 1195 (8th Cir.1990) (affirming district court's refusal to consolidate). *See also Protective Life Ins. Corp. v. Lincoln Nat. Life Ins. Corp.,* 873 F.2d 281, 282 (11th Cir.1989) (holding that "[p]arties may negotiate for and include provisions for consolidation of arbitration proceedings in their arbitration agreements, but if such provisions are absent, federal courts may not read them in."); *Del E. Webb Construction v. Richardson Hospital Authority,* 823 F.2d 145, 150 (5th Cir.1987) (holding that "since under the grant of authority in § 4 the district court was limited to enforcing arbitration agreements according to their terms,

and since the parties agree that the [one party] has not consented in writing, the district court should not have ordered consolidation."); *Weyerhaeuser,* 743 F.2d at 637 (noting that the district court's authority under the Federal Arbitration Act is "narrowly circumscribed," and therefore, declining to order consolidation in the absence of consent), *cert. denied,* 469 U.S. 1061, 105 S.Ct. 544, 83 L.Ed.2d 431 (1984).

Only the Second Circuit has held that the Arbitration Act alone empowers a federal district court to consolidate arbitration proceedings.[3] *Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A.,* 527 F.2d 966 (2nd Cir.1975) (stating that "we think the liberal purposes of the Federal Arbitration Act clearly requires that this act be interpreted so as to permit and even to encourage the consolidation of arbitration proceedings in proper cases, such as the one before us."), *cert. denied* 426 U.S. 936, 96 S.Ct. 2650, 49 L.Ed.2d 387 (1976).

Based upon the clear language of the Federal Arbitration Act, the Supreme Court's interpretation of its legislative history and historical purpose, and the reasoning of those courts which have developed the majority rule, this court holds that it is without power to order consolidation of arbitration proceedings absent a provision authorizing such consolidation.

Inasmuch as the Petitioner has failed to allege the existence of consolidation provisions in the eight treaties involved in this case, it has failed to state a claim upon which relief can be granted. Accordingly the petition is DENIED and the case is DISMISSED.

IT IS SO ORDERED.

---

**2.** The Petitioner mistakenly asserts that this court is bound by the ruling of another judge from the Northern District of Ohio on this issue in *Hoover Group, Inc. v. Probala and Associates,* 710 F.Supp. 677 (N.D.Ohio 1989). Although the writings of other judges in the Northern District may be highly persuasive, there are not binding. This court is bound only by its own prior rulings, those of the Sixth Circuit, and those of the Supreme Court.

**3.** The First Circuit has held that where a provision of state arbitration law specifically authorizes consolidation, a district court may consolidate arbitration proceedings. *New England Energy, Inc. v. Keystone Shipping Co.,* 855 F.2d 1 (1st Cir.1988), *cert. denied,* 489 U.S. 1077, 109 S.Ct. 1527, 103 L.Ed.2d 832 (1989).