**AMERICAN CENTENNIAL INSURANCE COMPANY, Petitioner–Appellant,**

v.

**NATIONAL CASUALTY COMPANY; and Scottsdale Insurance Company, Respondents–Appellees.**

No. 91–3429.

United States Court of Appeals, Sixth Circuit.

Submitted Nov. 8, 1991.

Decided Dec. 16, 1991.

Steven G. Janik, David L. Lester (briefed), Janik, Lester & Dunn, Cleveland, Ohio, Clifford H. Schoenberg, Miller, Singer, Raizes & Brandes, New York City, for petitioner-appellant.

Dale F. Kainski (briefed), Burke & Rawlings, Akron, Ohio, Anthony M. Lanzone, Joseph K. Molloy (briefed), Law Offices of Anthony M. Lanzone, West Nyack, N.Y., for respondents-appellees.

Before BOGGS and NORRIS, Circuit Judges, TIMBERS, Senior Circuit Judge.*

ALAN E. NORRIS, Circuit Judge.

Petitioner, American Centennial Insurance Company, and respondents, National Casualty Company and Scottsdale Insurance Company, are parties to numerous re-insurance agreements, each of which contains an arbitration clause. When disputes arose, various demands and cross-demands for arbitration were asserted by the parties. Petitioner sought to have the disputes resolved in a single arbitration proceeding, while respondents resisted, asserting that unique issues were involved and their positions would be prejudiced by consolidation. The arbitration clauses in all the re-insurance agreements are silent concerning consolidation.

Citing the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, petitioner filed a "Petition to Compel Arbitration" in the district court, seeking an order compelling respondents to "proceed with a single consolidated arbitration." The district court noted petitioner's failure to allege the existence of any provision for consolidation in the agreements to arbitrate, and granted respondents' motion to dismiss made under Fed.R.Civ.P. 12(b)(6). The court concluded that, in the absence of a provision for consolidation, it was without authority to circumvent the mandate of the Act that district courts are to direct parties "to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4, 761 F.Supp. 472.

The district court followed the position taken by most of the courts of appeals that have ruled on this question. *See Baesler v. Continental Grain Co.*, 900 F.2d 1193 (8th Cir.1990); *Protective Life Ins. Corp. v.*

---

* The Honorable William H. Timbers, Senior United States Circuit Judge for the Second Circuit Court of Appeals, sitting by designation.

*Lincoln Nat'l Life Ins. Corp.*, 873 F.2d 281 (11th Cir.1989); *Del E. Webb Constr. v. Richardson Hosp. Auth.*, 823 F.2d 145 (5th Cir.1987); *Weyerhaeuser Co. v. Western Seas Shipping Co.*, 743 F.2d 635 (9th Cir.), *cert. denied*, 469 U.S. 1061, 105 S.Ct. 544, 83 L.Ed.2d 431 (1984).

The Court of Appeals for the Second Circuit has taken a contrary view, relying upon what it deemed the "liberal purposes of the Federal Arbitration Act." *Compania Espanola de Petroleos v. Nereus Shipping*, 527 F.2d 966, 975 (2d Cir.1975), *cert. denied*, 426 U.S. 936, 96 S.Ct. 2650, 49 L.Ed.2d 387 (1976). Although we are not certain what the court meant by "liberal purposes," if the term referred to the purpose of fostering dispute resolutions in a speedy and economical manner, *see Baesler*, 900 F.2d at 1195, that view of congressional intent has since been rejected by the Supreme Court in an opinion in which it concluded that "[t]he legislative history of the Act establishes that the purpose behind its passage was to ensure judicial enforcement of privately made agreements to arbitrate. We therefore reject the suggestion that the overriding goal of the Arbitration Act was to promote the expeditious resolution of claims." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219, 105 S.Ct. 1238, 1241–42, 84 L.Ed.2d 158 (1985).

The underlying motivation for the Federal Arbitration Act was to ensure that district courts enforce the agreement of parties to arbitrate. Because the Act was designed to overrule the historical refusal of the judiciary to enforce agreements to arbitrate, it follows that a court is not permitted to interfere with private arbitration arrangements in order to impose its own view of speed and economy. This is the case even where the result would be the possibly inefficient maintenance of separate proceedings. *Dean Witter Reynolds, Inc.*, 470 U.S. at 217, 219, 105 S.Ct. at 1240–41, 1241–42. Accordingly, we align ourselves with the view taken by the Fifth, Eighth, Ninth, and Eleventh Circuits, and hold that a district court is without power to consolidate arbitration proceedings, over the objection of a party to the arbitration agreement, when the agreement is silent regarding consolidation. The judgment of the district court is affirmed.