Joseph J. GAMMARO

v.

**THORP CONSUMER DISCOUNT COMPANY, d/b/a ITT Financial Services, ITT Consumer Finance Corporation, and ITT Financial Corporation.**

No. 4–92–CV–965.

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 24, 1993.

Carol Alice Peterson, Dorsey & Whitney, Minneapolis, MN, Tara Redmond, J. Vander Arend, Lawrence Walner, Chicago, IL, James Bonfiglio, Palm Beach, FL, Francine Schwartz, Chicago, IL, William Harvey Crowder, Susan Clair Bedor, Crowder & Bedor, St. Paul, MN, Daniel A. Edelman, Cathleen M. Combs, Edelman & Combs, Chicago, IL, for plaintiff.

Janice Marie Symchych, Carol Alice Peterson, Peter W. Carter, Dorsey & Whitney, Minneapolis, MN, for defendants.

ORDER

ROSENBAUM, District Judge.

At a hearing held on July 9, 1993, the Court considered defendants' motions to compel arbitration, to dismiss plaintiff's class allegations, and for summary judgment against ITT Financial Corporation. The Court granted defendants' motion to compel arbitration, and denied summary judgment in favor of ITT Financial Corporation. The Court now considers whether this action may proceed on a class basis.

I. *Background*

The pertinent facts, more fully set forth in the July 9, 1993, bench order, are briefly stated. On May 18, 1990, the plaintiff, Joseph J. Gammaro, borrowed $1,222.46 from defendant Thorp Consumer Discount Company ("Thorp") pursuant to a written loan agreement. Five days later, on May 23, 1990, Thorp and Gammaro executed a second loan agreement for $44,584.61. This loan was secured by a mortgage on Gammaro's home and various household goods. Proceeds from the second loan were used to satisfy the first loan. On or about January 31, 1992, Gammaro satisfied the second loan, and Thorp released its mortgage. Thereafter, by letter dated February 18, 1992, Gammaro provided notice to Thorp that he was exercising his asserted statutory right to rescind the May 23, 1990, loan agreement. According to the complaint, Thorp objected.

Gammaro filed this putative class action on October 6, 1992.[1] Plaintiff seeks personal and class relief under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* (TILA), as well as under various state statutes which prohibit unfair and deceptive trade practices.

---

**1.** Gammaro filed an earlier action against the defendants in Florida state court. The state court denied Gammaro's motion for summary judgment. Thereafter, Gammaro sought class treatment of the action in state court. The parties then stipulated to dismissal of the Florida suit without prejudice, and this case ensued.

## II. *Analysis*

Having previously referred this matter to arbitration, the issue remains whether the Court may direct the arbitrator to adjudicate this dispute as a class action. The defendants argue that the Court is not authorized to order a class arbitration, as the arbitration clause is silent as to class actions. Defendants also contend that TILA rescission claims are not amenable to class treatment. Plaintiff, in contrast, argues that class treatment is appropriate in the arbitration, or in the alternative, requests that the Court retain jurisdiction pending arbitration.

The Court begins with the premise, as stated by the Supreme Court, that the Federal Arbitration Act "was motivated, first and foremost, by a congressional desire to enforce agreements into which parties had entered." *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 220, 105 S.Ct. 1238, 1242, 84 L.Ed.2d 158 (1985). Section 4 of the Act provides:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court ... for an order directing that such arbitration proceed *in the manner provided for in such agreement....* The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration *in accordance with the terms of the agreement.*

9 U.S.C. § 4 (emphasis added). In *Southland Corp. v. Keating,* 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984), the Supreme Court declined an invitation to address whether the Arbitration Act precludes class action arbitration. *Keating,* 465 U.S. at 17, 104 S.Ct. at 861.

While the issue of class action arbitration has not been considered by the Eighth Circuit, the Eighth Circuit has held that a district court is without power to consolidate arbitration proceedings absent an authorizing provision in an arbitration agreement. *Baesler v. Continental Grain Co.,* 900 F.2d 1193, 1195 (8th Cir.1990). *Accord Protective Life Ins. Corp. v. Lincoln Nat'l Life Ins. Corp.,* 873 F.2d 281, 282 (11th Cir.1989) (per curiam); *Del E. Webb Constr. v. Richardson Hosp. Auth.,* 823 F.2d 145, 150 (5th Cir.1987); *Weyerhaeuser Co. v. Western Seas Shipping Co.,* 743 F.2d 635, 636–37 (9th Cir.), *cert. denied,* 469 U.S. 1061, 105 S.Ct. 544, 83 L.Ed.2d 431 (1984). The Eighth Circuit rejected the approach of the Second Circuit, which determined, based on Rules 42(a) and 81(a)(3), Federal Rules of Civil Procedure (Fed.R.Civ.P.), that a district court could order consolidation of arbitration proceedings. *See Compania Espanola de Petroleos S.A. v. Nereus Shipping, S.A.,* 527 F.2d 966, 975 (2d Cir.1975), *cert. denied,* 426 U.S. 936, 96 S.Ct. 2650, 49 L.Ed.2d 387 (1976).

Certainly consolidation is not identical to class treatment, but in this Court's view, *Baesler* compels a similar result when class treatment is sought. The Court must give effect to the agreement of the parties, and this arbitration agreement makes no provision for class treatment of disputes.[2] Accordingly, the Court finds that it is without power to order this matter to proceed to arbitration as a class action.

Plaintiff argues that *Baesler* is distinguishable from the case at bar, as consolidation is merely "an administrative device to expedite claims." This argument is not persuasive. Rule 42(a), Fed.R.Civ.P., empowers the Court to order consolidation of actions involving common questions of law or fact. Rationally, a Rule 23, Fed.R.Civ.P., class action is simply another method of adjudicating numerous individual actions involving common questions of law or fact.

## III. *Conclusion*

The Court is without authority to order this matter to proceed to arbitration as a class action. Having made this determination, it is unnecessary for the Court to determine whether a TILA rescission action is

---

**2.** At least one other federal district court has determined that, absent a provision in the arbitration agreement, a court has no authority to certify a class for arbitration. *See Champ v. Siegel Trading Co., Inc.,* 1990 WL 179860, No. 89 C 7148 (N.D.Ill. November 2, 1990).

appropriate for class treatment. At this juncture, no questions remain before the Court, and the Court declines to stay this action pending arbitration.

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1. Defendants' motion to dismiss plaintiff's class allegations is granted.

2. The parties are directed to proceed to arbitration.

LET JUDGMENT BE ENTERED ACCORDINGLY.