FORD DEALER COMPUTER SERVICES, INCORPORATED, now known as Dealer Computer Services, Inc., Plaintiff–Appellee,

v.

FULLERTON MOTORS, L.L.C.; Samuel Baker Fullerton, III, Defendants–Appellants.

No. 01–2332.

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2002.

Before KEITH and DAUGHTREY,

Circuit Judges; CARR, District Judge.*

Fullerton Motors, L.L.C. and Samuel Baker Fullerton III appeal through counsel a district court order denying their motion to dismiss for lack of personal jurisdiction and granting plaintiff's motion to confirm an arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Defendant Fullerton Motors is a Ford automobile dealership in Arkansas. Defendant Samuel Baker Fullerton III (Mr. Fullerton) describes himself as a limited partner of Fullerton Motors, whose general partner is a corporation owned by Mr. Fullerton. Mr. Fullerton signed a contract in 1993 with plaintiff, a provider of computer software to automobile dealerships, as "President" of Fullerton Motors, agreeing to purchase computer software, as well as a series of amendments to that contract providing for additional services by plaintiff. The contract provided that any dispute would be arbitrated in Michigan and that the contract was governed by the laws of Michigan. In 1994, Mr. Fullerton also executed a personal guarantee of the debts of Fullerton Motors to plaintiff arising out of one of the amendments to the original contract. In the guarantee, Mr. Fullerton represented that he was an owner of a direct or indirect interest in the dealership and that he would receive a material benefit from the contract. The guaranty also specified that it was governed by the law of Michigan. Defendants subsequently defaulted on the contract, and the dispute was arbitrated in Texas by agreement of the parties. The arbitrator found defendants jointly and severally lia-

ble to plaintiff in the amount of $100,054.80, plus $23,254.42 in attorney fees. Defendants did not appeal from that award. Plaintiff then brought this action in the federal district court in Michigan seeking confirmation of the award.

Defendants moved to dismiss as to Mr. Fullerton based on lack of personal jurisdiction. The district court heard argument, concluded that Mr. Fullerton had consented to personal jurisdiction in Michigan, and entered judgment denying the motion to dismiss and granting the motion for confirmation of the arbitration award. On appeal, defendants argue that the district court erred in denying their motion to dismiss as to Mr. Fullerton due to lack of personal jurisdiction. Plaintiff argues that the district court's finding that Mr. Fullerton consented to personal jurisdiction was correct, and alternatively, that the facts are sufficient to confer personal jurisdiction over Mr. Fullerton to the district court.

This court reviews de novo a decision regarding personal jurisdiction. *Calphalon Corp. v. Rowlette,* 228 F.3d 718, 721 (6th Cir.2000); *Reynolds v. Int'l Amateur Athletic Fed'n,* 23 F.3d 1110, 1116 (6th Cir.1994).

De novo review of the record in this case shows that the district court properly concluded that Mr. Fullerton consented to personal jurisdiction by Michigan courts when he signed the contract agreeing to arbitrate any dispute in Michigan. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 & n. 14, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Dominium Austin Partners, L.L.C. v. Emerson,* 248 F.3d 720, 726 (8th Cir.2001); *Doctor's Assocs., Inc. v. Stuart,* 85 F.3d 975, 983 (2d Cir.1996). Although

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

Mr. Fullerton argues that he did not consent to personal jurisdiction because he signed the contract only in his official capacity as "president" or limited partner of Fullerton Motors, Michigan has not adopted the fiduciary shield doctrine. *Chicago Blower Corp. v. Air Sys. Assocs.,* 623 F.Supp. 798, 804 (E.D.Mich.1985).

Moreover, we find persuasive plaintiff's alternative argument that, even absent express consent to personal jurisdiction, Mr. Fullerton is nevertheless subject to jurisdiction in Michigan courts. The Michigan long-arm statute adopts the same standard as used under the Due Process Clause of the Constitution. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog,* 954 F.2d 1174, 1176 (6th Cir.1992). Under that standard, Mr. Fullerton had fair notice that he might be subject to the jurisdiction of the Michigan courts and has not shown why that jurisdiction would be unfair. *Burger King,* 471 U.S. at 487, 105 S.Ct. 2174. While insufficient on its own, the choice of law clause in the guaranty under which Mr. Fullerton availed himself of the benefits and protections of Michigan law, in conjunction with the other circumstances of this case, is sufficient to confer personal jurisdiction. *Id.* at 482, 105 S.Ct. 2174; *LAK, Inc. v. Deer Creek Enters.,* 885 F.2d 1293, 1295 (6th Cir.1989). The facts in this case are that Fullerton Motors was a Ford automobile dealership, and had continuous and systematic contacts with the state of Michigan through the Ford Motor Company, which is headquartered in Michigan. Although plaintiff is a Delaware corporation with its headquarters in Texas, it also maintains offices in Michigan, and it lists a Michigan address on the contracts at issue. The software which was the subject of the contract was designed to network Fullerton Motors with the Ford Motor Co. in Michigan.

In summary, we conclude that the district court correctly found that Mr. Fullerton had consented to personal jurisdiction in Michigan courts when he signed the contract agreeing to arbitrate disputes in Michigan. Furthermore, even absent this express consent, his contacts with Michigan and his choice of Michigan law to govern the guaranty contract are sufficient to confer personal jurisdiction on the Michigan courts. Accordingly, the district court's judgment is affirmed.