# United States Court of Appeals

### For the Eighth Circuit

_____

No. 20-1171

_____

Jacqueline Morgan

*Plaintiff - Appellee*

v.

Ferrellgas, Inc.

*Defendant*

James Ferrell; Pamela Brueckmann

*Defendants - Appellants*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 13, 2021
Filed: August 11, 2021

_____

Before LOKEN, GRASZ, and KOBES, Circuit Judges.

_____

LOKEN, Circuit Judge.

Jacqueline Morgan, a Missouri resident, brought this action in state court against her former employer, Ferrellgas, Inc., a propane supplier, and James Ferrell

and Pamela Brueckmann, Kansas residents and employees and officers of Ferrellgas. Morgan asserts gender discrimination claims under the Missouri Human Rights Act against Ferrellgas (Counts I and II), and tort claims against all defendants (Counts III-VI). Defendants removed the diversity action to the Western District of Missouri and moved to compel arbitration of all claims under the arbitration clause in Morgan's employment agreement with Ferrellgas.

The district court granted defendants' motion to compel in part, ruling that "Morgan's claims against Ferrellgas, Inc. were subject to the arbitration provision." Order granting stay pending appeal dated Feb. 6, 2020, at p.2. However, the court denied the individual defendants' motion to compel arbitration of Morgan's tort claims against them because they were not parties to the agreement to arbitrate and Morgan did not consent to arbitrate "individual tort claims arising from actions which predate her employment." Ferrell and Brueckmann appeal that ruling. The district court over Morgan's objection stayed the entire action pending appeal.

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (FAA), "governs the applicability and enforceability of arbitration agreements in all contracts involving interstate commerce." State ex rel. Hewitt v. Kerr, 461 S.W.3d 798, 805 (Mo. banc 2015). As a matter of federal law, "a litigant who was not a party to the relevant arbitration agreement may invoke § 3 [of the FAA] if the relevant state contract law allows him to enforce the agreement." Arthur Anderson LLP v. Carlisle, 556 U.S. 624, 632 (2009). Ferrell and Brueckmann argue that, under governing Missouri law, this is one of the circumstances in which "[a] nonsignatory can enforce an arbitration clause against a signatory to the agreement." CD Partners, LLC v. Grizzle, 424 F.3d 795, 798 (8th Cir. 2005). Under Missouri law, when there is no fact dispute about the existence of an arbitration agreement, as in this case, "[w]hether a dispute is covered by an arbitration provision is relegated to the courts as a question of law." Dunn Indus. Group, Inc. v. City of Sugar Creek, 112 S.W.3d 421, 428 (Mo. banc 2003); see Theroff v. Dollar Tree Stores, Inc., 591 S.W.3d 432, 436 (Mo. banc 2020); accord

-2-

<u>Torres v. Simpatico, Inc.</u>, 781 F.3d 963, 968 (8th Cir. 2015). Applying these principles, we reverse.

## I.

Morgan's First Amended Petition alleges that in August and early September, 2018, she attended a series of meetings with Ferrellgas officers and employees to discuss employment as a "C-Level" Ferrellgas executive, beginning with an August 14 meeting with Brueckmann, acting as "agent and representative" of Ferrellgas, and an August 16 meeting with Ferrell, acting as "officer, agent, and representative" of Ferrellgas. Ferrell offered Morgan a position on the C-Level executive team on September 7. She accepted, signed an "Employee Agreement"on September 27, and began her employment as Chief Sales and Administrative Officer on October 4 at a salary of $350,000 per year. The First Amended Petition alleges that Ferrell and Brueckmann knew Morgan would have to sell her own company if she accepted a position with Ferrellgas, which she did after accepting the Ferrellgas offer.

Morgan was terminated on January 11, 2019 after a period of dissension and disruption among members of the C-Level executive team, including an attempted "hostile takeover" by three executives who were then "separated from the company." After exhausting administrative remedies under the Missouri Human Rights Act, Morgan filed this action in state court in November 2019. Counts I and II alleged MHRA gender discrimination claims against Ferrellgas. The district court compelled arbitration and stayed those claims; they are not at issue on this appeal. Relevant to this appeal are Counts III-VI, tort claims against defendants Ferrellgas, Ferrell, and Brueckmann for fraudulent and negligent misrepresentations and omissions. In each of these claims, Morgan alleges that "Defendants, including its agents and officers, failed to disclose to Plaintiff the existing and ongoing power struggle with the C-Level executive team and that members of the C-Level executive team were planning a hostile takeover of Defendant Ferrellgas," and that these were material

misrepresentations and omissions that caused Morgan to accept employment with unstable Ferrellgas, sell her business, and relocate. The district court concluded the arbitration agreement is valid and is enforceable by Ferrellgas but not by the individual defendants.

## II.

The issue is whether Ferrell and Brueckmann may enforce the arbitration clause in the Employee Agreement between Morgan and Ferrellgas. Paragraph 20 of that Agreement provides as relevant here:

> Any dispute (whether the dispute sounds in contract, tort, or otherwise) arising out of or relating to this Agreement or its breach, or the employment relationship of the parties . . . shall be fully and finally settled by binding arbitration conducted expeditiously in accordance with this agreement . . . by three independent and impartial arbitrators.

Under Missouri law, "[a] broad arbitration provision covers all disputes arising out of a contract to arbitrate; a narrow provision limits arbitration to specific types of disputes." Dunn, 112 S.W.3d at 428. In Dunn, the Court held that a clause covering any controversy or claim "arising out of or relating to this contract" was a broad arbitration clause. Id. "Where an arbitration clause is broad . . . only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." Id. at 429; accord Unison Co., Ltd. v. Juhl Energy Dev., Inc., 789 F.3d 816, 818 (8th Cir. 2015). In CD Partners, the arbitration clause also covered "any claim, controversy or dispute arising out of or relating to" the agreement. "Broadly worded arbitration clauses such as the ones at issue here," we observed, "are generally construed to cover tort suits arising from the same set of operative facts covered by a contract between the parties to the agreement." 424 F.3d at 800.

**A.** In this case, the arbitration clause broadly covers disputes sounding in contract or tort "arising out of or relating to" the Employee Agreement, its breach, *or* the Ferrellgas-Morgan employment relationship. Morgan's tort claims against all defendants allege that she was damaged by material misrepresentations and omissions that caused her to sell her business and enter into the Employee Agreement and an employment relationship with Ferrellgas. Similarly, in <u>Bull v. Torbett</u>, the Missouri Court of Appeals held that tort claims alleging that a non-signatory's misrepresentations caused the signatory to enter into a real estate purchase contract containing a broad arbitration clause were subject to arbitration because the claims "result[ed] from the Bulls purchasing the properties." 529 S.W.3d 832, 840 (Mo. App. 2017); <u>see</u> <u>Madden v. Ellspermann</u>, 813 S.W.2d 51, 54 (Mo. App. 1991).

Based on these precedents and the broad language of the arbitration clause at issue, we conclude the district court erred in concluding that "no language in the Employment Agreement suggests that Morgan consented to arbitrate . . . tort claims arising from actions which predate her employment." Though her claims are based on alleged misrepresentations and omissions made before and at the time she accepted employment, they are subject to arbitration because they "arise out of and relate to" the resulting Employee Agreement and employment relationship, as the court implicitly held when it stayed arbitration of the tort claims against Ferrellgas.

**B.** The more difficult issue, and the only one the parties vigorously debate on appeal, is whether Ferrell and Brueckmann, officers and agents of Ferrellgas who were not parties to the Employee Agreement, may enforce the arbitration clause. In Missouri, "a non-signatory may, in some instances, compel a signatory to arbitrate under the theory that the plaintiff/signatory is estopped from refusing to arbitrate." <u>Hewitt</u>, 461 S.W.3d at 814. Two of those instances were recognized in <u>CD Partners</u>:

-5-

when the relationship between the signatory and nonsignatory defendants is sufficiently close that only by permitting the nonsignatory to invoke arbitration may evisceration of the underlying arbitration agreement between the signatories be avoided, [and] when the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against the non-signatory.

424 F.3d at 798 (quotations omitted). We concluded those circumstances were present in CD Partners and therefore the signatory's tort claims against three nonsignatories were subject to arbitration because the allegations all arose "out of their conduct while acting as officers of [the principal]." Id. at 799. We observed that "[t]he test for determining whether a nonsignatory can force a signatory into arbitration is different from the test for determining whether a signatory can force a nonsignatory into arbitration" he or she never agreed to. Id.

In Tucker v. Vincent, the Missouri Court of Appeals correctly noted there are "limited circumstances under which some courts have allowed a nonsignatory to an arbitration agreement to enforce the arbitration agreement against a signatory." 471 S.W.3d 787, 796 (Mo. App. 2015). But it erred when it cited the two above-quoted circumstances discussed in CD Partners as the *only* qualifying circumstances, ignoring the fact that Hewitt, a controlling Supreme Court of Missouri decision filed six months earlier, had defined and applied an additional, significantly broader range of circumstances. This error in Tucker was followed by the Court of Appeals in Bull v. Torbett, 529 S.W.3d at 838, which did not even cite Hewitt. Unfortunately, the parties in their briefs have wrongly treated this error in Tucker as established Missouri law. But we must apply Hewitt, the controlling Missouri precedent.

In Hewitt, the Supreme Court of Missouri noted that, in rejecting enforcement of an arbitration agreement against a signatory by a nonsignatory in Netco, Inc. v.

Dunn, 194 S.W.3d 353, 361 (Mo. banc 2006), it had "observed, as have the federal courts, that 'a non-signatory may, in some instances, compel a signatory to arbitrate under the theory that the plaintiff/signatory is estopped from refusing to arbitrate.'" 461 S.W.3d at 814. The Court then cited our decision in Dominium Austin Partners, L.L.C. v. Emerson, 248 F.3d 720 (8th Cir. 2001), as "an example of a situation like the present one in which all parties are properly referred to arbitration" because the signatory plaintiffs "made allegations which treat all these parties [signatories and non-signatories] as though they were signatories to the agreements." Id. (cleaned up). The Court held that the signatory's tort claim "should be referred in its entirety to arbitration" because his "petition makes no differentiation between the signatory and non-signatory defendants, referring to them collectively as 'the Rams' or 'Defendants' . . . . Mr. Hewitt cannot treat these defendants severally for arbitration purposes but jointly for all other purposes." Id. at 815.

We conclude this case is nearly on all fours with Hewitt. Like the petition in Hewitt, Morgan's First Amended Petition alleges that Ferrell and Brueckmann acted on behalf of Ferrellgas when making the allegedly tortious misrepresentations and omissions. In the fact section she alleges:

18. Defendant Brueckmann, as an agent and representative of Defendant Ferrellgas, did not disclose to Plaintiff that there was an existing and ongoing power struggle within the C-Level executive team.
20. Defendant Brueckmann, as an agent and representative of Defendant Ferrellgas, did not disclose to Plaintiff that members of the C-level executive team were planning a hostile takeover of Defendant Ferrellgas Inc.
28. Defendant Ferrell, as an officer, agent, and representative of Defendant Ferrellgas, did not disclose to Plaintiff that there was an existing and ongoing power struggle within the C-Level executive team.
30. Defendant Ferrell, as an officer, agent and representative of Defendant Ferrellgas, did not disclose to Plaintiff that members of the

C-level executive team were planning a hostile takeover of Defendant Ferrellgas Inc.

In Counts III-VI, after incorporating by reference these fact allegations, she asserts tort claims against "Defendants, including its officers and agents." A signatory plaintiff cannot avoid arbitration when she "treated signatory and non-signatory defendants as a 'single unit.'" Hewitt, 461 S.W.3d at 814, quoting Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc., 198 F.3d 88, 98 (2d Cir. 1999). As in Hewitt, each of Morgan's tort claims against the defendants "is a single one that should be referred in its entirety to arbitration." Id. at 815.

For these reasons, we conclude the district court erred in denying the motion of Ferrell and Brueckmann to compel arbitration. The Order of the district court dated January 13, 2020 is affirmed in part and reversed in part and the case is remanded for further proceedings not inconsistent with this opinion.

_____